Pennington, J.
It is evident that the jury have included the annual value in the damages; but cannot this be corrected by a remission of the damages to the amount of the annual value, which is a subject of calculation.
The counsel for the demandant offered to remit.
Ewing. They are so confounded, that it is difficult to separate them. Besides, it was given in evidence, that the widow was three years in possession, after the death of the husband, for which the jury have made no allowance, and this is error. 2 Bao. 394-
The counsel for the demandant said, that as to the form *457 of the verdict, it was mere form, and could be corrected by calculation, and a remission of damages, if the court was of opinion the jury had done wrong; but the jury have done right; our statute [653] differs from [*] the English statute on the subject. The demandant asks no more than the $612.25 in all. And as to the possession of the widow, she only lived in the house with her son, who took all the profits ; she was never actually seized of her dower. And as to the discovery of new evidence, the court will never award a new trial on the ground of discovery of new evidence, which might have been had at the trial. 1 Sira. 691, 1 Wil. 98. There was no surprise; they set up a release, and ought to have been prepared to prove it; they ought to have examined the witnesses before hand. But even if there was a surprise, they were surprised by their own witness, and not the testimony of the demandant. A new trial has never been awarded on the ground of new discovered parol evidence; it must be a discovery of a new fact. 3 Able. 319. The discovery of merely additional evidence is not sufficient, but it must be a distinct independent fact. Ip Hen. and Mun. 376, 3 Johns. 683, 3 Binney’s Rep. 683, 3 Blae. Rep. 966, 7 Term. Rep. 269[1]
Woodruff, in reply. There is a difference between a plaintiff and defendant in this respect; a plaintiff,'if he finds his proof is deficient, or is surprised by unexpected evidence, he may suffer a nonsuit; but not so with a defendant. As a judgment nisi had been entered, he did not see how a remittitur could be entered.
PiiNiimGTOSJ', «I.
What is called a judgment nisi, is nothing more than a rule to show cause why judgment should not be rendered.
Thving, on the same side. The authorities cited by the averse counsel, establish the rule for which I contend, which *458 is, that the court will award a new trial where material testimony has been discovered since the trial, which could not have been obtained by due diligence before the trial, which is precisely their case. Although the instrumental witnesses were, from necessity, called for on the part of the defendant, [*] yet they were adverse to him, and in the interest of the ' demandant; and for that reason, could not have been previously examined. But even if they had examined the witnesses, they could not have avoided a trial, the witnesses by whom we mean to prove the new discovered matter, were at that time unknown to the defendant; there is no difference between our act, and the statute of Merton, as it respects this case; he thought a remittitur could not be allowed because the [654] excess could not be precisely ascertained. The more especially that part which respected the possession of the premises of the widow.
The court took time to the next morning to consider the case, at which time—
By the Court.
We have considered this case, and from all the circumstances attending it, we^are all of opinion that it is a proper subject for a further hearing. There might be some doubt if it stood alone on the question of new discov- • ered evidence; but that, taken together with the evident error in the verdict, leaves it a clear case; and certainly where witnesses swear against their own attestation, it furnishes a peculiar case, requiring special investigation.
Rule for a new trial, made absolute.
Explained in Martin v. Martin, 2 Gr. 125.

 s. P. 3 Johns. Rep 255. 8 lb. 84. 1 South. 338. 1 JIalst. 484- 1 Green} 177. Vide 2 Aik. 407. 1 Root, 175.